IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JUSTIN K. EGGLESTON, | § | |
| | § | No. 260, 2018 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1703000998 (N) |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: December 10, 2018
Decided: January 24, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

After consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, the State's response, and the record on appeal, it appears to the Court that:

(1)     On December 4, 2017, the appellant, Justin K. Eggleston, entered a guilty plea to two counts of Dealing in Child Pornography and two counts of the lesser-included offense of Possession of Child Pornography. On April 13, 2018, the Superior Court sentenced Eggleston to a total period of fifty-six years at Level V incarceration to be suspended after serving nine years in prison for decreasing levels of supervision. After Eggleston filed this direct appeal, he filed a motion to remand to the Superior Court for consideration of his motion for sentence reduction. The

Superior Court denied Eggleston's motion, and the matter was returned from remand.

(2)     Eggleston's counsel on appeal has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, counsel informed Eggleston of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Eggleston also was informed of his right to supplement his attorney's presentation and has raised several issues for this Court's review. The State has responded to the position taken by Eggleston's counsel as well as to the issues raised by Eggleston and has moved to affirm the Superior Court's judgment.

(3)     The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and b) the Court must conduct its own review of the record in order to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

---

[1] *Penson v Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

(4) The record reflects that Eggleston was charged with twenty-five counts of Dealing in Child Pornography, which is a Class B felony punishable by a prison sentence of two to twenty-five years.[2] In exchange for Eggleston's guilty plea to two counts of Dealing in Child Pornography and two counts of Possession of Child Pornography, the State agreed to dismiss the remaining charges.

(5) The written plea agreement that Eggleston signed included his acknowledgment that he was facing a minimum mandatory sentence of four years. The signed plea agreement further reflects, however, that the State was not recommending the imposition of a particular sentence, rather the parties agreed to "OPEN sentencing." During the guilty plea colloquy, Eggleston stated that he committed the offenses of Dealing in Child Pornography and Possession of Child Pornography. He stated that no one had coerced him into pleading guilty and no one had promised him anything outside of the plea agreement. He further acknowledged that he was waiving the rights listed in the Truth-in-Sentencing Form by pleading guilty. The Superior Court reviewed the minimum and maximum sentences for Dealing in Child Pornography and Possession of Child Pornography, as well as the sentencing guidelines, with Eggleston.

---

[2] *See* 11 *Del. C.* § 1109(4) (Dealing in Child Pornography a Class B felony); 11 *Del. C.* § 4205(b)(2) (class B felony punishable by prison sentence of two to twenty-five years).

3

(6) Eggleston's first issue on appeal is that the State violated the plea agreement at sentencing by asking the Superior Court to impose more than the minimum mandatory four-year sentence. This argument is not factually supported by the record. The written plea agreement explicitly reflected that sentencing would be open. The State did not agree to make a capped sentencing recommendation of the four-year minimum mandatory. The transcript of Eggleston's plea colloquy reflects that sentencing would be open, the sentence would be up to the court, and Eggleston was not promised anything outside of the plea agreement. Thus, under these circumstances, we conclude there is no merit to Eggleston's first claim. Because we conclude that the State did not violate Eggleston's plea agreement, there is no basis for Eggleston's second argument that his trial counsel was ineffective for failing to object to the State's violation of the plea agreement.

(7) Eggleston's third and final claim asserts that the Department of Correction is violating his Eighth Amendment right against cruel and unusual punishment by denying him access to a C-PAP machine for his sleep apnea. To the extent Eggleston is arguing that his sentence should be reduced because of his medical condition, he did not raise that claim in the motion for sentence reduction that he filed below, nor has he provided any proof that he has attempted to pursue

4

relief under 11 *Del. C.* § 4217.[3] Upon review, we conclude that the Superior Court did not abuse its discretion in denying Eggleston's motion for reduction of sentence.

(8)     The Court has reviewed the record carefully and has concluded that Eggleston's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Eggleston's counsel has made a conscientious effort to examine the record and has properly determined that Eggleston could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[3] Under § 4217, the Department of Correction may seek modification of an inmate's sentence for good cause, including a "serious medical illness." 11 *Del. C.* § 4217(c).